UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES E. MERIWEATHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-01192 |
| | ) | Judge Haynes |
| CHARLES BROWN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, Charles E. Meriweather, filed this *pro se* petition under 28 U.S.C. § 2241 (Docket Entry No. 1) seeking his release based upon an alleged improper determination of sentence credits. Petitioner was housed previously at a federal facility in the Northern District of Florida. Petitioner filed this action in that district. Petitioner is now incarcerated in the Middle District of Tennessee and the Northern District of Florida transferred the action to this Court. (Docket Entry No. 8).

Petitioner alleges that if his current state legal proceedings were favorably resolved, he would be eligible for immediate release on his federal sentence. (Docket Entry No. 6 at pp. 2, 6). The Petitioner seeks an award of sentence credits by the Bureau of Prisons for the time served on his state conviction that has been vacated. (Docket Entry No. 6).

The Bureau of Prisons must initially decide any award of sentence credit. United States v. Wilson, 503 U.S. 328, 335 (1992). Eighteen U.S.C § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences:

1

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). "[T]he district court cannot determine the amount of the credit [for time served] at sentencing." Wilson, 503 U.S. at 335.

The proper Respondent in this action is the Warden of the Metro-Davidson County Detention Facility, where Petitioner currently is incarcerated. The relief sought directly impacts the length of Petitioner's potential state sentence, and the calculation of Petitioner's sentence credits by the Bureau of Prisons is conditional on the disposition of Petitioner's state legal proceedings. Absent a showing of the inadequacy of state remedies due to a time factor, the Court lacks jurisdiction over the petition. Preiser v. Rodriguez, 411 U.S. 475, 497 (1973).

Under Section 3585(b), Petitioner must first exhaust his administrative remedies within the Bureau of Prisons before a Court can consider this claim. Wilson, 503 U.S. at 335-36. BOP has an administrative review of computation of sentence credits as set forth in 28 C.F.R. § 542.10-542.16 (1997). Once Petitioner exhausts his administrative remedies, any further challenge to any computation of sentence credits must be file under 28 U.S.C. § 2241, Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); and in the district where Petitioner is incarcerated. Rumsfeld v. Padilla, 124 S.Ct. 2711 (2004).

Upon review of the file, the award and revocation of sentence credits by the Bureau of Prisons at issue occurred as a result of the pending state action, and any award under Bureau of Prisons policies cannot be fully resolved until the conclusion of Petitioner's state legal proceedings. If Petitioner's credits are not awarded at that time, Petitioner would then need to exhaust any state or Bureau of Prisons administrative remedies. This action could then be refiled

in the district where the Petitioner is confined as provided in 28 U.S.C. § 2241.

Accordingly, this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

It is so **ORDERED**.

**ENTERED** this the ____ day of January, 2011.

                                           William J. Haynes, Jr.
                                           United States District Judge